UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA CHEVOLA,

Plaintiff,

v. CASE No. 8:06-cv-1312-T-30MAP

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS,

Defendant.
___________________________________/

**ORDER**

This cause is before the Court on Plaintiff's Motion to Compel (doc. 31). The motion, filed two and a half months after the discovery cutoff date, asks this Court to compel responses to Plaintiff's First Set of Interrogatories and production of documents in response to Plaintiff's Second, Third, and Fifth Request to Produce. This motion is untimely and is therefore denied.

This district follows the rule that the completion date for discovery means just that – *all discovery must be completed by that date.* Middle District Discovery (2001) at § I.F.1 (emphasis in rule). Hence, interrogatories, as an example, must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline. *Id.* If the parties agree to conduct discovery after the Court's discovery deadline, they cannot expect the Court to resolve their post-deadline discovery disputes. *Id.* Moreover, the Court expects the parties to address discovery disputes promptly – before the discovery deadline passes or soon thereafter. *See Pushko v. Klebener*, 2007 WL 2671263 (M.D. Fla. 2007) ("Motions to compel must be brought in a timely manner."); *AB Diversified Enterprises, Inc. v. Global Transport Logistics, Inc.,* 2007 WL 1362632 *1 (S.D. Fla. 2007) ("[A] motion to

compel filed more than two months after the discovery cutoff is clearly untimely."); *see also Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-201 (E.D. Mich. 2002) (reviewing cases from various districts citing general principle); *Sales v. State Farm Fire and Casualty Co.*, 632 F. Supp. 435 (N.D. Ga. 1986) (motion to compel filed after the close of discovery was untimely).

The Defendant asserts that it timely responded to Plaintiff's Second Request to Produce (served on May 24, 2007), her Third Request to Produce (served on June 14, 2007), and her Fifth Request to Produce and First Set of Interrogatories (both served on June 27, 2007). *See* Defendant's Response to Plaintiff's Motion to Compel, doc. 51, at 12. However, the Plaintiff made no objection to the discovery responses until September 11, 2007 – nearly a month and a half after the July 27, 2007, discovery cutoff. While the delay between September 11, 2007, and the filing of this motion on October 15, 2007, is fairly attributable to negotiations between the parties and the Defendant's request for additional time to consider the Plaintiff's arguments, there is no justification for Plaintiff's failure to make any objection prior to September 11, 2007. Accordingly, it is

ORDERED:

1. Plaintiff's Motion to Compel (doc. 31) is DENIED.

DONE and ORDERED in chambers at Tampa, Florida on November 14, 2007.

Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record